

**MATTHEW R. NICELY**
Partner
202.887.4046/fax: 202.887.4288
mnicely@akingump.com

July 20, 2021

**VIA ELECTRONIC COURT FILING**

The Honorable Gary S. Katzmann
U.S. Court of International Trade
One Federal Plaza
New York, NY 10278

      Re:    *Solar Energy Industries Association et al. v. United States*, **Court No. 20-3941**: Plaintiffs' Supplemental Submission on *Transpacific Steel LLC v. United States*, No. 20-2157, 2021 WL 2932512 (Fed. Cir. July 13, 2021)

Dear Judge Katzmann,

     Plaintiffs Solar Energy Industries Association, NextEra Energy, Inc., Invenergy Renewables LLC, and EDF Renewables, Inc. ("Plaintiffs") respectfully submit this post-hearing brief to address the U.S. Court of Appeals for the Federal Circuit's recent decision in *Transpacific Steel LLC v. United States*, No. 20-2157, 2021 WL 2932512 (Fed. Cir. July 13, 2021).[1] The statutory authority finding in *Transpacific* has little relevance to this dispute because it construes Section 232 of the Trade Expansion Act of 1962, an entirely different statute whose content, structure, purpose, legislative history, and application differs markedly from the law at issue here. Nevertheless, *Transpacific* confirms that the Court should exhaust all of the tools of statutory construction in determining whether President Trump clearly misconstrued the safeguard statutes he applied in promulgating Proclamation 10101.

    **I.**    **THE STATUTORY AUTHORITY FINDING IN *TRANSPACIFIC* IS INAPPOSITE**

     *Transpacific* addressed whether President Trump exceeded his authority under Section 232 when, in August 2018, he doubled the Section 232 tariff rate applicable to steel imports from Turkey. *Transpacific*, 2021 WL 2932512, at *1, *9-21. Section 232 authorizes the President to impose measures on imports found "to threaten to impair the national security" by the U.S. Department of Commerce. 19 U.S.C. § 1862(b)(3)(A), (c)(1)(A).

     Section 232 differs markedly from Sections 201, 203, and 204 of the Trade Act of 1974, which form the basis of Plaintiffs' challenge in this litigation. As an initial matter, Section 232

---

[1] *Transpacific* also addressed an alleged violation of equal protection principles. *Transpacific*, 2021 WL 2932512, at *21-24. Plaintiffs do not raise an equal protection claim in this litigation.


The Honorable Gary S. Katzmann
July 20, 2021
Page 2

and Section 201 have different aims—Section 232 addresses imports that pose a national security threat, 19 U.S.C. § 1862, whereas Section 201 concerns fairly traded imports that enter the United States in significant quantities over a short time period, *id.* § 2251; *cf. Holder v. Hall*, 512 U.S. 874, 883 (1994) (declining to construe different statutes similarly when they "differ in structure, purpose, and application" (footnote omitted)).

Moreover, the content and structure of Section 232 and Section 201 differ dramatically. Most importantly, Section 232 contains no provision explicitly limiting the President's authority to modify an existing national security measure, 19 U.S.C. § 1862, whereas Section 204(b) expressly outlines the limited circumstances in which the President may reduce, modify, or terminate an existing safeguard measure, *id.* § 2254. In addition to Section 204(b), Section 201(a) and Section 203(a) and (e) impose numerous restrictions on safeguard measures that are simply non-existent under Section 232. *Id.* §§ 2251(a), 2253(a), (e) (requiring a finding of serious injury; barring the impact of the action taken from exceeding the amount necessary to prevent or remedy that injury; prohibiting the measure from lasting more than four years (absent an extension); barring safeguard tariffs from exceeding 50 percent; barring the reimposition of a safeguard measure to a product less than two years after it was terminated; requiring quotas to permit a minimum amount of imports; requiring trade restrictions to be phased down over time; and requiring the social and economic benefits of the measure to outweigh its costs). This difference in text, structure, and context imparts a difference in meaning. *Hall*, 512 U.S. at 883.

Other tools confirm the limited utility of the statutory authority ruling in *Transpacific*. Congress promulgated Section 232, on the one hand, and Sections 201, 203, and 204, on the other, through entirely different legislative acts. As a result, Section 232's legislative history has no relevance here. *Envtl. Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007) ("[W]ords have different shades of meaning and consequently may be variously construed . . . when they occur in different statutes[.]" (internal quotation marks and citation omitted)).

Section 232 also differs from the safeguard statute in its application. Because the President must phase down safeguard duties over the course of the measure, 19 U.S.C. § 2253(a)(4), (e)(5), no President has increased or reimposed tariffs under Section 204(b)(1)(B), 19 U.S.C. § 2254(b)(1)(B)—a point Defendants conceded at the hearing. In contrast, Presidents have routinely taken additional action under Section 232 to protect the national security, including by increasing previously-imposed tariffs when needed for national security reasons. *Transpacific*, 2021 WL 2932512, at *14-18. These differences matter. *Hall*, 512 U.S. at 883.

The Honorable Gary S. Katzmann
July 20, 2021
Page 3

During oral argument in this proceeding, Defendants focused on the conclusion in *Transpacific* that "the ordinary meaning of 'action' in [the] context" of Section 232 authorizes the President "to pursue a continuing course of action, with adjustments (including additional impositions) adopted over time." *Transpacific*, 2021 WL 2932512, at *12, *14 (citations omitted). But the meaning of "action" in Section 232 – which the Federal Circuit defined as "continuing action" in *Transpacific* – simply isn't relevant here, where the Court must address distinct legal questions related to the promulgation of Proclamation 10101, such as the meaning of "modify" in the context of the statute's text, its history, and its purpose. Although Sections 201, 203, and 204 contain the word "action," the Court must interpret "action" in Sections 201, 203, and 204 in the context of the numerous restrictions that Congress imposed on safeguard actions in those statutes, not an entirely different statute (Section 232) that the Federal Circuit interpreted in *Transpacific*. *See Envtl. Def.*, 549 U.S. at 574. Defendants' attempt to transplant the meaning of "action" in Section 232—as interpreted by the Federal Circuit in *Transpacific*—to Sections 201, 203, and 204 would require the Court to impermissibly interpret "action" in the safeguard statutes in a vacuum without regard for the statutory scheme. *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988) ("Statutory construction . . . is a holistic endeavor." (citation omitted)).

## II. *TRANSPACIFIC* CONFIRMS THAT THE COURT SHOULD EXHAUST ALL TOOLS OF STATUTORY CONSTRUCTION IN ITS ANALYSIS

Although the interpretation of "action" in *Transpacific* does not affect the Court's interpretation of Sections 201, 203, and 204 in this case, the Court should nevertheless follow the analytic framework that the Federal Circuit employed in *Transpacific*. In this case, as in *Transpacific*, the Court must determine whether President Trump "clear[ly] misconstr[ued]" the statutes he invoked. *Silfab Solar, Inc. v. United States*, 892 F.3d 1340, 1346 (Fed. Cir. 2018) (internal quotation marks and citations omitted). In *Transpacific*, the Federal Circuit exhausted all of the tools of statutory construction to interpret Section 232(c)(1), examining the provision's "text," "statutory context," "legal and historical backdrop," and application in "practice." *Transpacific*, 2021 WL 2932512, at *9-21. *Transpacific* therefore confirms that the Court must similarly utilize all of the tools at its disposal to construe Sections 201, 203, and 204, and to determine whether President Trump unlawfully promulgated Proclamation 10101. And, for the reasons provided in Plaintiffs' previous submissions, these tools must lead the Court to the inevitable conclusion that Sections 201, 203, and 204 did not allow President Trump to make the changes to the safeguard measures at issued in this case as promulgated in Proclamation 10101.



The Honorable Gary S. Katzmann
July 20, 2021
Page 4

### III. CONCLUSION

The Federal Circuit's interpretation of Section 232 in *Transpacific* does not bear on the statutory construction issues in this appeal. But as the Federal Circuit did in *Transpacific*, this Court should consider the safeguard statute's text, context, legislative history, and application when interpreting it—all of which confirm that the President did not have the authority to increase the safeguard measure or reimpose it on bifacial panels.

Respectfully submitted,

| | |
|---|---|
| /s/ Amanda Shafer Berman | /s/ Matthew R. Nicely |
| John Brew | Matthew R. Nicely |
| Larry Eisenstat | James E. Tysse |
| Amanda Shafer Berman | Daniel M. Witkowski |
| **CROWELL & MORING LLP** | Devin S. Sikes |
| 1001 Pennsylvania Ave., N.W. | Julia K. Eppard |
| Washington, D.C. 20004 | **AKIN GUMP STRAUSS HAUER &** |
| (202) 624-2500 | **FELD LLP** |
| aberman@crowell.com | 2001 K Street, N.W. |
| | Washington, D.C. 20006 |
| Frances Hadfield | (202) 887-4000 |
| **CROWELL & MORING LLP** | mnicely@akingump.com |
| 590 Madison Ave, 20th Floor | |
| New York, NY 10022 | *Counsel to SEIA and NextEra Energy, Inc.* |
| (212) 803-4040 | |
| | |
| *Counsel to Invenergy Renewables, LLC* | |
| | /s/ Kevin M. O'Brien |
| | Kevin M. O'Brien |
| | Christine M. Streatfeild |
| | **BAKER & MCKENZIE LLP** |
| | 815 Connecticut Ave, NW |
| | Washington, DC 20006 |
| | (202) 452-7000 |
| | kevin.obrien@bakermckenzie.com |
| | |
| | *Counsel to EDF Renewables, Inc* |

## CERTIFICATE OF COMPLIANCE

      The undersigned counsel with Akin Gump Strauss Hauer & Feld LLP hereby certifies that Plaintiffs' Post-Argument Supplemental Brief on *Transpacific Steel LLC v. United States*, dated July 20, 2021, complies with the 1,250 word-count limitation set forth in the Court's instructions in Docket Entry 38. This supplemental brief contains 1,246 words according to the word-count function of the word-processing software used to prepare the supplemental brief.

      /s/ Matthew R. Nicely
      Matthew R. Nicely
      **AKIN GUMP STRAUSS HAUER & FELD LLP**
      2001 K Street, N.W.
      Washington, D.C. 20006
      (202) 887-4046
      mnicely@akingump.com

      *Counsel to SEIA and NextEra Energy, Inc.*

Dated: July 20, 2021