UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |  |
|---|---|---|
| SOLAR ENERGY INDUSTRIES ASSOCIATION, NEXTERA ENERGY, INC., INVENERGY RENEWABLES LLC, and EDF RENEWABLES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, UNITED STATESCUSTOMS AND BORDER PROTECTION, AND TROY A. MILLER, IN HIS OFFICIAL CAPACITY AS ACTING COMMISSIONER OF UNITED STATES CUSTOMS AND BORDER PROTECTION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Court No. 20-03941 |

## ORDER

Upon consideration of defendants' unopposed motion for an order to suspend liquidation of all unliquidated entries of merchandise subject to the modifications to the safeguard measures on crystalline silicon photovoltaic cells, whether or not partially or fully assembled into other products, imposed by *Proclamation 10101: To Further Facilitate Positive Adjustment to Competition from Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled into Other Products)*, 85 Fed. Reg. 65,639 (Oct. 16, 2020) (*Proclamation 10101*), it is hereby

ORDERED that defendants' motion is granted; and it is further

ORDERED that defendant, the United States, together with its delegates, officers, agents, and servants, including employees of the U.S. Customs and Border Protection and Office of the

United States Trade Representative, is enjoined during the pendency of this litigation, including any appeals, from issuing instructions to liquidate or making or permitting liquidation of any entries of merchandise subject to the modifications to the safeguard measures on crystalline silicon photovoltaic cells, whether or not partially or fully assembled into other products, imposed by *Proclamation 10101* pending final and conclusive disposition of this action, including all appeals.

_____
JUDGE

Dated: _____, 2021
New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| SOLAR ENERGY INDUSTRIES ASSOCIATION, NEXTERA ENERGY, INC., INVENERGY RENEWABLES LLC, and EDF RENEWABLES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, UNITED STATESCUSTOMS AND BORDER PROTECTION, AND TROY A. MILLER, IN HIS OFFICIAL CAPACITY AS ACTING COMMISSIONER OF UNITED STATES CUSTOMS AND BORDER PROTECTION, <br><br> Defendants. | Court No. 20-03941 |

## DEFENDANTS' UNOPPOSED MOTION FOR ORDER SUSPENDING LIQUIDATION

Pursuant to the Court's inherent authority to control the disposition of the cases on its docket, defendants, the United States, *et al.*, respectfully request that the Court enter an order in this action to suspend liquidation of all entries of merchandise subject to *Proclamation 10101: To Further Facilitate Positive Adjustment to Competition from Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled into Other Products)*, 85 Fed. Reg. 65,639 (Oct. 16, 2020) (*Proclamation 10101*) during the pendency of this litigation, including any possible appeal. Counsel for defendants has consulted regarding this motion with counsel for the plaintiffs, who do not oppose the motion.

The Court possesses broad discretion to control the disposition of cases on its docket. Indeed, the Supreme Court has explained that "the power to stay proceedings is incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). In exercising its discretion, the Court must exercise its judgment to "weigh competing interests and maintain an even balance." *Id.* at 254-55; *accord Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). In this case, an order to suspend liquidation is necessary to ensure that entries of merchandise subject to *Proclamation 10101* remain unliquidated until the final disposition of the litigation, while also assisting U.S. Customs and Border Protection (CBP) in complying with the Court's order enjoining defendants in this action from taking any further action to effectuate or enforce *Proclamation 10101*.

At the outset, we note that since the judgment was issued, we have consulted with CBP, the Office of the United States Trade Representative, and the International Trade Commission to ascertain how to effectuate the judgment, and we have taken preliminary steps to ensure that we can fully comply with the Court's order.

Nonetheless, absent action by the Court, defendants will face significant, and potentially irreparable, harm stemming from liquidation of relevant entries without resort to *Proclamation 10101* prior to the United States receiving an opportunity to fully litigate its rights, or at the very least, without providing sufficient time for the Solicitor General to determine whether any appeal will be sought from this Court's adverse judgment.[1] Specifically, without action by the Court, it is possible that, by the time any appeal process is completed, many of the relevant entries will have liquidated and become final.[2] Indeed, based on the timing of entries of merchandise subject

---

[1] The Solicitor General alone is authorized to determine whether, and on what terms, the United States may appeal an adverse judgment. 28 C.F.R. § 0.20(b).

[2] Liquidation is "the final computation or ascertainment of the duties or drawback accruing on an entry." 19 C.F.R. § 159.1. While 19 U.S.C. § 1504(b)(1) authorizes CBP to extend the time for liquidation, the lack of finality with respect to the Court's judgment is not in and of itself grounds for extension.

2

to *Proclamation 10101*, aside from any entries that may have already liquidated, the deadline for liquidation for many subject entries that remain unliquidated likely is fast approaching.[3] For some such entries, automated liquidation may already be scheduled before CBP is able to remove the modifications to the safeguard measures imposed by *Proclamation 10101* (meaning that CBP may be unable to assess the correct amount of duties owed on the entries, thereby inadvertently violating the Court's judgment). Conversely, other entries will liquidate without the modifications to the safeguard measures imposed by *Proclamation 10101*, from which the United States potentially stands to lose millions of dollars in revenue should the Government choose to appeal and ultimately prevail, but then be unable to reliquidate due to the finality of liquidation.[4] Suspending liquidation now will thus mitigate the significant revenue risk to the United States from finally liquidated entries.

Moreover, even if reliquidation were to be available, the recoupment of duties following liquidation would require CBP to obtain a Court order to reliquidate, to issue bills, and potentially to institute collection actions for unpaid bills, if the Government were to seek and prevail on appeal. This would not only require additional and unnecessary litigation, but would

---

[3] The statute generally provides CBP one year from date of entry to perform liquidation (unless that period is lawfully extended or suspended). *See* 19 U.S.C. § 1504(a). If liquidation is suspended, CBP has six months to liquidate from the date on which the agency receives notice of the removal of suspension (unless the period for liquidation is extended under section 1504(b)). *See* 19 U.S.C. § 1504(d).

[4] We acknowledge that, in three recent cases, the United States, relying on *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297 (Fed. Cir. 2004), represented that reliquidation of otherwise final entries is available in appropriate circumstances in a case brought pursuant to 28 U.S.C. 1581(i). *See, e.g, J. Conrad Ltd. v. United States*, Ct. Int'l Trade No. 20-00052 (Docket Entry No. 42, Defs.' Resp. to Pls.' Mots. for a Prelim. Inj. at 3 and Docket Entry No. 56, Defs.' Resp. to the Court's Order of April 7, 2020 at 1-2). After careful consideration, that is no longer the view of the Department of Justice. In any event, the Court need not decide whether court-ordered reliquidation is available in order to order the suspension of liquidation in this case.

unnecessarily also potentially place the revenue of the United States at risk if the importers are unable to repay the funds given the passage of time and finality of liquidation.

Importantly, this interim relief is also requested to ensure that the United States does not inadvertently violate the judgment while CBP takes necessary steps before it can effectuate the judgment. The judgment enjoined the United States from "taking any further action to effectuate or enforce Proclamation 10101." ECF Docket No. 44. As explained above, due to the timing of the earliest entries subject to *Proclamation 10101*, some of those entries may be scheduled to liquidate shortly at the rate in effect at the time of entry. Because the Harmonized Tariff Schedule of the United States (HTSUS) codes covering merchandise subject to the Section 201 Solar Duties at issue in this action do not distinguish between bifacial and non-bifacial solar panels, the relief we are requesting will assist CBP in ensuring that past entries of bifacial panels on which the agency collected safeguard duty deposits are not inadvertently liquidated with payment of those duties before CBP can determine their appropriate duty status in light of this Court's decision and any other further proceedings. Hence, even if we do not appeal, or if the Court were to decline to grant any additional stay of the judgment pending appeal, the relief that we request in this motion is necessary in the interim to ensure that CBP has sufficient time for orderly effectuation of the judgment.

The relief that we request is the same as this Court has granted in recent cases. For example, in *Transpacific Steel, LLC v. United States*, although the Court denied a motion to stay the judgment, the Court *sua sponte* enjoined liquidation of the relevant entries during the pendency of the litigation, including any appeals. *See* 474 F. Supp. 3d 1332, 1337, 1338 (Ct. Int'l Trade 2020). Similarly, the Court granted defendants' request to stay liquidation of entries pending appeal in two other recent 28 U.S.C. § 1581(i) cases. *Primesource Bldg. Prods. v.*

*United States*, Slip op. 21-94 (Aug. 2, 2021); *Oman Fasteners, LLC v. United States*, Slip op. 21-144 (Oct. 15, 2021).

Although the suspension of liquidation in this manner would not fully preserve the *status quo* during the pendency of any further proceedings in this action, it would, at a minimum, prevent the relevant entries from liquidating prior to the litigation's conclusion.[5] If, on the other hand, the Government were to determine not to appeal and the Court's judgment becomes final and conclusive, the injunction would expire by its terms and the entries would be eligible to liquidate at that point to the extent otherwise permitted by law. *See* 19 U.S.C. § 1504(d). Thus, there is little or no prejudice to plaintiffs from the relief we are seeking because any relevant entries would liquidate with interest, if appropriate, once the correct duty rate is finally and conclusively determined through the litigation. Any weighing of competing interests or balancing of hardships favors granting relief.

For these reasons, we respectfully request that the Court enter an order suspending liquidation of all entries of merchandise subject to the modifications to the solar safeguard measures imposed by *Proclamation 10101* during the pendency of this litigation, including any appeals.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Acting Assistant Attorney General

          PATRICIA M. McCARTHY
          Director

---

[5] We respectfully reserve our right to later file a motion to stay the judgment pending appeal; however, the limited relief we presently seek is a common sense, reasonable step to take at this juncture to avoid any imminent liquidations.

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director


/s/ Joshua E. Kurland
JOSHUA E. KURLAND
Trial Attorney
Department of Justice
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0477
Fax: (202) 307-0972
Email: Joshua.E.Kurland@usdoj.gov

December 6, 2021                     *Attorneys for Defendant United States*