IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| SOLAR ENERGY INDUSTRIES ASSOCIATION, NEXTERA ENERGY, INC., INVENERGY RENEWABLES LLC, and EDF RENEWABLES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, AND CHRIS MAGNUS, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF UNITED STATES CUSTOMS AND BORDER PROTECTION, <br><br> Defendants. | Court No. 20-03941 |

**DEFENDANTS' NOTICE OF INADVERTENT LIQUIDATIONS**

Defendants, the United States, *et al.*, respectfully submit this notice to apprise the Court of inadvertent liquidations that have occurred in a manner contrary to the Court's December 7, 2021 suspension of liquidation order in this matter and to inform the Court of steps that U.S. Customs and Border Protection (CBP) is taking to rectify these erroneous liquidations. In the process of drafting and filing this notice, we have communicated with the plaintiffs to inform them of the liquidations and the steps CBP is taking.[1] Further, in the interests of cooperation, we have also conferred with counsel to two non-parties whose entries are affected by CBP's liquidations, and who filed customs protests with requests for accelerated disposition that were

---

[1] We do not believe that any of the named plaintiffs have entries affected by these erroneous liquidations. However, in the interests of cooperation, we have shared a courtesy copy of this notice with plaintiffs' counsel.

subsequently denied by CBP, in order to ensure that these parties do not object to the approach that we are taking in favor of pursuing their protests through section 1581(a) litigation. Although most of the entries covered by these denied protests were liquidated prior to December 7, 2021, and therefore are not subject to the Court's December 7, 2021 suspension of liquidation order, some of the entries were liquidated after December 7, 2021, which CBP intends to void consistent with the general approach described below, assuming that CBP is able to confirm that the entries were subject to the modifications imposed by *Proclamation 10101*.

This notice is necessary because it has come to our attention that CBP has liquidated a number of entries of solar products that were subject to the Court's order of December 7, 2021 enjoining the liquidation of any entries subject to *Proclamation 10101: To Further Facilitate Positive Adjustment to Competition from Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled into Other Products)*, 85 Fed. Reg. 65,639 (Oct. 16, 2020) (*Proclamation 10101*) during the pendency of this litigation. The entries in question were unliquidated on December 7, 2021, and would have been subject to the modifications to the safeguard measure on solar products imposed by *Proclamation 10101*. Therefore, pursuant to the December 7, 2021 order, they should not have been liquidated.[2]

---

[2] We note that, because the Court's November 16, 2021 judgment and order had already set aside *Proclamation 10101* as null and void, and enjoined any action to "effectuate or enforce" that proclamation, the subsequent suspension order entered on December 7, 2021 enjoined the liquidation of any entries of merchandise "subject to" the modifications that were made by *Proclamation 10101*. Among the affected entries, CBP has identified entries that were liquidated after December 7, 2021 that were "subject to" the modifications made by *Proclamation 10101* in that *Proclamation 10101* would apply to such entries if it had not been nullified by the Court's November 16, 2021 judgment, regardless of whether the entries were liquidated with duties pursuant to *Proclamation 10101*.

Although unintentional,[3] we recognize that these actions are inconsistent with the Court's order and deeply regret any inconvenience caused as a result. Hence, we are taking proactive steps to rectify the situation. Specifically, CBP has identified approximately 160 entries that were liquidated after December 7, 2021, and for which it is clear based on the entry date and liquidated tariff classification alone that such entries would be subject to *Proclamation 10101*, and thus should not have been liquidated. Because *Proclamation 10101* modified the applicable duty rate for merchandise entered between February 7, 2021 and February 6, 2022 and classified at liquidation in subheadings 9903.45.22 and 9903.45.25, all entries of merchandise filed during this date range and assessed duty under one of these subheadings would be "subject to" *Proclamation 10101*, and no such entries should have been liquidated after December 7, 2021. Accordingly, CBP has voided these unauthorized liquidations in the agency's system of record, the Automated Commercial Environment (ACE), consistent with this Court's prior holdings that liquidations performed contrary to a court-ordered injunction are void *ab initio*. *See, e.g., A.K. Steel Corp. v. United States*, 281 F. Supp. 2d 1318, 1323 (Ct. Int'l Trade 2003); *LG Elecs. U.S.A., Inc. v. United States*, 991 F. Supp. 668, 675-76 (Ct. Int'l Trade 1997).

CBP will further notify the affected importers that the notices of liquidation that were posted for these entries on CBP's Official Notice of Extension, Suspension, and Liquidation bulletin are to be disregarded and that liquidation of the entries is suspended pending final Court action. We note that some of these liquidations were subject to protests filed with CBP by the relevant importers, which provide a separate avenue of relief pertaining to these entries, but we

---

[3] Based on CBP's investigation, these liquidations were the result of (1) unintentional administrative error (including a misunderstanding of instructions and attendant programming errors), (2) CBP's system automatically liquidating entries on its automated liquidation report prior to CBP being able to suspend them, and (3) timeliness in applying instructions to suspend.

believe that it is consistent with the Court's December 7, 2021 order in this case to have rectified the issue by CBP taking action to void the liquidations as described above.

In addition, in pursuing this issue, CBP has also identified additional entries that were liquidated after December 7, 2021 that could potentially be covered by *Proclamation 10101*, but for which it is not clear based on the entry date and liquidated tariff classification alone whether the entries would be subject to *Proclamation 10101*. For these entries, a manual review by CBP of the relevant supporting documentation and evidence provided by the importer is needed. Specifically, for entries that were entered between October 25, 2020 and February 6, 2021, the entry would only be covered by *Proclamation 10101* if it included merchandise qualifying for the exclusion for bifacial solar panels that *Proclamation 10101* removed.[4] However, in order for CBP to determine whether an entry of merchandise contains bifacial solar panels, as distinct from any other solar panels, CBP must manually review detailed supporting documentation, to the extent it has been submitted by the importer, in order to determine whether the merchandise meets the criteria for the bifacial solar panel exclusion.[5]

CBP has identified a number of entries that were entered between October 25, 2020 and February 6, 2021, and that were liquidated after issuance of the suspension order on December 7,

---

[4] This is not an issue for entries made between February 7, 2021 and February 6, 2022, all of which would have been subject to the rate change proclaimed under *Proclamation 10101*, regardless of whether the entries did or did not include bifacial solar panels.

[5] Because the ordinary customs tariff classification of solar panels does not distinguish between monofacial and bifacial solar panels, and because U.S. note 18 to subchapter III of chapter 99 of the Harmonized Tariff Schedule of the United States (HTSUS) provides for several other exclusions from the safeguard measures, it is impossible to determine from the entered (or liquidated) HTSUS classification alone whether an article that was entered under subheading 8541.40.60 (2021) (which includes "photovoltaic cells whether or not assembled in modules or made up into panels"), and for which additional duties were paid under subheading 9903.45.25 (for "Modules as defined in note 18(g)"), is subject to the bifacial exclusion that was removed by *Proclamation 10101*.

2021, which potentially could be subject to *Proclamation 10101* if the solar panels in these entries are bifacial.  For some of these entries the importer has filed a protest with CBP specifically claiming that the entries contain bifacial solar panels.  CBP is reviewing the entry and protest information for each such entry, to determine whether the entry indeed contained bifacial solar panels qualifying for the exclusion that was removed by *Proclamation 10101*, such that the liquidation was contrary to the Court's December 7, 2021 order.  If the protestant and CBP agree that the merchandise in such entries included specifically bifacial solar panels qualifying for the exclusion that was removed by *Proclamation 10101*, then CBP will void the liquidations in ACE, as having been performed contrary to a court-ordered injunction and therefore void *ab initio*.[6]

Where, however, the importer or broker has not identified an entry as containing bifacial solar panels, by protesting its liquidation and providing supporting documentation to demonstrate that the merchandise specifically consists of bifacial solar panels, in such circumstances CBP has no reason to believe that such entries were liquidated contrary to the Court's December 7, 2021 order, and therefore CBP does not intend to take further administrative action with respect to such entries.

---

[6] CBP has also identified entries that liquidated between the Court's issuance of its decision and judgment in this case on November 16, 2021 and the Court's issuance of its suspension order on December 7, 2021 that, if they contained bifacial solar panels, may have liquidated with an assessment of duties pursuant to *Proclamation 10101*.  Several importers have filed protests with CBP asserting that entries filed during this period should not have been liquidated with duties pursuant to *Proclamation 10101*, and CBP is in the process of evaluating whether such entries in fact contained bifacial solar panels.  As CBP was not enjoined from liquidation during the period from November 16, 2021 and December 7, 2021, CBP intends to review those protests and, should it confirm that the entries contained bifacial solar panels, suspend the protests pending the outcome of this litigation, and then to process the protests consistent with the final and conclusive decision in the litigation.  For the two importers who sought accelerated disposition and thus have denied protests, they retain the ability to challenge the denials through section 1581(a) litigation.

All of these actions will ensure that CBP can ultimately comply with the final judgment in this case, following all appeals.  Based on the foregoing, CBP will be able to void the erroneous liquidations about which we are informing the Court.  We note that the process of voiding these liquidations is required to be completed manually and is likely to be time-consuming.  Nonetheless, the process will enable CBP to restore and to preserve the *status quo ante* with respect to the affected entries, in compliance with the Court's December 7, 2021 order.

                                            Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            PATRICIA M. McCARTHY
                                            Director

                                            /s/ Tara K. Hogan
                                            TARA K. HOGAN
                                            Assistant Director

                                            /s/ Joshua E. Kurland
                                            JOSHUA E. KURLAND
                                            Trial Attorney
                                            Department of Justice
                                            Commercial Litigation Branch
                                            P.O. Box 480, Ben Franklin Station
                                            Washington, D.C.  20044
                                            Tel: (202) 616-0477
                                            Fax: (202) 307-0972
                                            Email:  Joshua.E.Kurland@usdoj.gov

August 11, 2022                           *Attorneys for Defendant United States*