**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE**

|   |   |
|---|---|
| SOLAR ENERGY INDUSTRIES ASSOCIATION, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Court No. 20-03941 |
| UNITED STATES, et al., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' POST-ARGUMENT BRIEF**

John Brew
Amanda Shafer Berman
Weronika Bukowski
**CROWELL & MORING LLP**
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2500
aberman@crowell.com

*Counsel to Invenergy Renewables LLC*

Matthew R. Nicely
Daniel M. Witkowski
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000
mnicely@akingump.com

*Counsel to the Solar Energy Industries Association*

Christine M. Streatfeild
**BAKER & MCKENZIE LLP**
815 Connecticut Ave, NW
Washington, DC 20006
(202) 452-7000
christine.streatfeild@bakermckenzie.com

*Counsel to EDF Renewables, Inc.*

February 20, 2025

Plaintiffs the Solar Energy Industries Association, Invenergy Renewables LLC, and EDF Renewables, Inc. ("Plaintiffs") respectfully submit this post-argument brief to further address certain issues that were discussed during the February 12, 2025, oral argument.

## I.     Liquidation Is Intended to Provide Certainty to Importers

The Government's arguments ignore the statutory scheme, which was designed to provide certainty to importers. Liquidation is the "final computation or ascertainment of duties on entries for consumption or drawback entries," 19 C.F.R. § 159.1, "designed to close the books on an importer's entries." *SKF USA, Inc. v. United States*, 512 F.3d 1326, 1329 (Fed. Cir. 2008). Congress set deadlines for CBP to liquidate entries so that importers do not face additional duties years later. 19 U.S.C. § 1504. CBP may voluntarily reliquidate entries only within a 90-day period after the original liquidation. 19 U.S.C. § 1501. The statutory provision regarding protests also states that CBP's liquidation decisions "shall be final and conclusive upon all persons (*including the United States and any officer thereof*)" unless a timely protest is filed. 19 U.S.C. § 1514(a) (emphasis added).

Given the clarity and specificity of this statutory scheme, it is questionable whether the Court even has the authority to order reliquidation to increase duties to the detriment of importers. Without precedent from Federal Circuit authorizing reliquidation for that purpose, the Court should look skeptically upon the Government's request, and require a compelling case based on the equities for granting such relief. The Government has made no compelling showing that relief benefiting it, and harming importers is appropriate here. Indeed, the Government made no attempt to address the equities at oral argument. This is not a case in which the finality of liquidation should be disturbed.

1

## II.     Otherwise, Final Liquidations Can Be Treated as Void Only with a Court Order

The Government was wrong to suggest at argument that CBP already possesses the power to undo inadvertent liquidations and reliquidate entries in accordance with Proclamation 10101. As Plaintiffs explained in responding to the Court's questions, the Federal Circuit has indicated that power to rectify a liquidation that violates a court order is equitable in nature. *Agro Dutch Industries Ltd. v. United States*, 589 F.3d 1187, 1192 (Fed. Cir. 2009); *see also AK Steel Corp. v. United States*, 27 C.I.T. 1382, 1387, 281 F. Supp. 2d 1318, 1321-22 (2003) (reaching similar conclusion).[1] The Court accordingly has discretion to deny that remedy if the equities do not favor reliquidation.

Although this Court's decisions in *Allegheny Bradford Corp. v. United States*, 28 C.I.T. 603, 342 F. Supp. 2d 1162 (2004) and *LG Electronics U.S.A., Inc. v. United States*, 21 C.I.T. 1421, 991 F. Supp. 668 (1997), suggested that liquidations in violation of a court order are void *ab initio*, those decisions are not binding and arose in a different context.[2] In both cases, injunctions were obtained by third parties whose procedural and financial interests were *harmed* when the government liquidated the entries. And both cases arose under 19 U.S.C. § 1516a, which directs that entries subject to suspended liquidation "shall be liquidated in accordance with the final court decision in the action."  19 U.S.C. § 1516a(e).  Here, the injunction was obtained by the Government, the Government is the party harmed by nearly every inadvertent liquidation at issue, and there is no statutory provision governing disposition of entries subject to this litigation. As

---

[1] *Cemex* and *Home Products*, which involved liquidations in violation of court judgments, similarly treated requests for reliquidation as implicating the power of the courts. *Cemex, S.A. v. United States*, 384 F.3d 1314, 1325 (Fed. Cir. 2004); *Home Prods. Int'l, Inc. v. United States*, 405 F. Supp. 3d 1368, 1373-74 (Ct. Int'l Trade 2019).

[2] *Alden Leeds Inc. v. United States*, 476 Fed. Appx. 393 (2012), cited by the Government, is non-precedential and involved liquidations in violation of an administrative suspension of liquidation, not a court order.

2

explained, it is questionable if reliquidation is even available here—but if so, it must be pursuant to a Court order, not the Government's unilateral decision to fix its mistakes *in its own favor*, to the detriment of importers and their customers.

### III. The Equities Do Not Support Reliquidation

The injunction sought by the Government was meant to prevent liquidation of entries while the Government appealed this Court's judgment. Plaintiffs never agreed to and would have opposed any motion for an injunction that allowed CBP to reliquidate finally liquidated entries to impose additional duties. To the extent that the Government does not obtain the full benefit of that injunction, it is because of its own repeated violations of the Court's order. Meanwhile, because of the statutory scheme, importers have an expectation that once CBP liquidates an entry, any further liability is extinguished. Court-ordered reliquidation creates a risk that importers will not be able to meaningfully challenge the reliquidation through the normal protest procedures, thereby increasing the harm they face from the proposed reliquidations. Importers should not pay for the Government's lack of vigilance and mistakes.

During oral argument, the Court cited the maxim that "equity follows the law." *See also Timken Co. v. United States*, 37 F.3d 1470, 1477 (1994) (declining to impose interest in equity when doing so was contrary to statutory provision). Several provisions of law specifically prevent the very relief requested by the Government here. *See, e.g.,* 19 U.S.C. § 1501 (providing only 90 days for voluntary reliquidation by CBP); 19 U.S.C. § 1514(c)(3) (making liquidations final and binding on all parties, including the United States, unless protested within 180 days). As the party who not only sought and stood to gain from the Court's injunction, but also the only party with access to necessary information regarding these liquidations, CBP had the burden of monitoring the status of these entries. *See Cemex*, 384 F.3d at 1325. Given that CBP identified 160-plus

3

entries that were inadvertently liquidated in 2022, CBP should have taken steps to avoid or at least promptly identify any additional erroneous liquidations. Instead, CBP liquidated hundreds of additional entries and apparently failed to realize its mistake until just before judgment. These facts do not demonstrate vigilance nor compel equitable relief. We therefore request that the Court issue an order that (i) instructs CBP to liquidate only those entries that remain unliquidated pursuant to the Court's December 7, 2021, order suspending liquidation, ECF No. 47, and (ii) precludes CBP from reliquidating any already-liquidated entries that are outside of the normal 90-day window for voluntary reliquidations absent a timely protest by the importer.

If the Court does not agree specifically to preclude CBP from reliquidating entries, the Court should simply instruct CBP to liquidate unliquidated entries subject to Proclamation 10101, without reference to already liquidated entries. In this instance, CBP would take whatever action it thinks it can take with respect to the already liquidated entries, and importers can protest as they see fit. Finally, if the Court allows CBP to reliquidate finally liquidated entries, then we request that the Court order state that the Government has stipulated that such reliquidations are protestable decisions and that the order is without prejudice to any importer's right to protest the applicability of Proclamation 10101 to its entries or any other alleged errors associated with the reliquidations.

                              Respectfully submitted,

| /s/ John Brew | /s/ Matthew R. Nicely |
|---|---|
| John Brew | Matthew R. Nicely |
| Amanda Shafer Berman | Daniel M. Witkowski |
| Weronika Bukowski | **AKIN GUMP STRAUSS HAUER &** |
| **CROWELL & MORING LLP** | **FELD LLP** |
| 1001 Pennsylvania Ave., N.W. | 2001 K Street, N.W. |
| Washington, D.C. 20004 | Washington, D.C. 20006 |
| (202) 624-2500 | (202) 887-4000 |
| aberman@crowell.com | mnicely@akingump.com |
| | |
| *Counsel to Invenergy Renewables LLC* | *Counsel to the Solar Energy Industries Association* |

/s/ Christine M. Streatfeild
Christine M. Streatfeild
**BAKER & MCKENZIE LLP**
815 Connecticut Ave, NW
Washington, DC 20006
(202) 452-7000
christine.streatfeild@bakermckenzie.com

*Counsel to EDF Renewables, Inc.*

February 20, 2025

## CERTIFICATE OF COMPLIANCE

  The undersigned counsel at Akin Gump Strauss Hauer & Feld LLP hereby certifies that Plaintiffs' Post-Argument Brief, dated February 20, 2025, comply with the 1,250-word limitation set forth by the Court.  ECF No. 76.  Specifically, Plaintiffs' Post-Argument Brief totals 1,115 words.

              /s/ Matthew R. Nicely
              Matthew R. Nicely
              **AKIN GUMP STRAUSS HAUER &**
              **FELD LLP**
              2001 K Street, N.W.
              Washington, D.C. 20006
              (202) 887-4046
              mnicely@akingump.com

              *Counsel to the Solar Energy Industries Association*

Dated: February 20, 2025